IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ESSAR STEEL MINNESOTA LLC and ESML HOLDINGS INC., <br><br> Debtors, | Chapter 11 <br> Bank. No. 16-11626-CTG <br> (Jointly Administered) |
| MESABI METALLICS COMPANY LLC (f/k/a ESSAR STEEL MINNESOTA LLC), <br><br> Plaintiff, <br> v. <br><br> CLEVELAND-CLIFFS, INC. (f/k/a CLIFFS NATURAL RESOURCES, INC.); CLEVELAND-CLIFFS MINNESOTA LAND DEVELOPMENT LLC; GLACIER PARK IRON ORE PROPERTIES LLC; and DOES 1-10 <br><br> Defendants. | Adv. No. 17-51210-CTG <br><br> Civil Action No. 24-1117-GBW |

## MEMORANDUM ORDER

Pending before the Court is a joint letter from the parties[1] (D.I. 21) setting forth disputes arising from the Court's April 16, 2025 Memorandum Order granting Mesabi leave to serve a supplemental report from its expert, Professor Davis. Below, the Court resolves these disputes and also the disputes remaining from the parties' Joint Status Report (D.I. 11) and Proposed Scheduling Order (D.I. 11-1).

---

[1] The Plaintiff is Mesabi Metallics Company LLC ("Mesabi"). The Defendants include Cleveland-Cliffs, Inc. and Cleveland-Cliffs Minnesota Land Development LLC (collectively, "Cliffs").

I.  **BACKGROUND**

The Court writes for the benefit of the parties and, thus, briefly sets forth only the facts and procedural history necessary for the discussion herein.

On February 14, 2025, this Court entered a Memorandum Opinion (D.I. 9) and Order (D.I. 10) that *inter alia* granted Mesabi's Motion for Withdrawal of the Reference (D.I. 1). The Memorandum Order also instructed the parties to "submit a Joint Status Report and a joint proposed Scheduling Order . . . that sets forth any remaining pretrial issues, a list of the issues that will be tried, and the parties' proposal for the length and timing of the trial." D.I. 10 at 1. On March 17, 2025, the parties timely filed their Joint Status Report (D.I. 11) and Proposed Scheduling Order (D.I. 11-1) setting forth these issues and also five disputes between the parties.

Since the Court was unable to resolve at least two of these five disputes on the basis of the papers that the parties had filed, the Court entered two Oral Orders on March 24, 2025, instructing the parties to file letter-briefing setting forth their positions on these two disputes. D.I. 12; D.I. 13. The first dispute (which is relevant to this Memorandum Order) was whether the Court should grant Mesabi leave to serve a supplemental report from Professor Davis. D.I. 12. The second dispute (which is not relevant to this Memorandum Order) regarded the effect of the Bankruptcy Court's decision on Mesabi's monopolization claim. D.I. 13.

On April 16, 2025, the Court entered a Memorandum Order resolving these disputes and, in particular, granted Mesabi's request to supplement the opinions of Professor Davis. D.I. 19. The Court also explained that it would "permit Cliffs to serve a rebuttal opinion." D.I. 19 at 9. Since the Court was uncertain whether Mesabi would supplement Professor Davis' opinions, the Court ordered Mesabi to notice the Court whether Mesabi would supplement Professor Davis' opinions by no later than April 23, 2025. D.I. 19 at 12. On April 23, 2025, Mesabi timely noticed the Court of its intent to supplement. D.I. 20.

2

The April 16 Memorandum Order also instructed the parties, in the event that Mesabi noticed its intent to supplement, to, "within seven (7) days after Mesabi's notice, meet and confer and file either (1) a stipulation regarding the deadlines for serving supplemental opinions or (2) a joint letter describing why the parties were unable to reach a stipulation and setting forth their positions on the deadlines." D.I. 19 at 12. On April 30, 2025, the parties, being unable to compromise, timely filed a joint letter ("April 30 Letter") setting forth the parties' conflicting positions on the deadlines for serving the parties' supplemental reports, and various other disputes. D.I. 21.

## II.   DISCUSSION

The Court divides its Discussion into the following Sections: (A) The Court's Resolution of the Disputes in the Parties' April 30 Letter; and (B) The Court's Resolution of the Remaining Scheduling-Related Disputes.

### A.   The Court's Resolution of the Disputes in the Parties' April 30 Letter

The Court resolves the parties' disputes from the April 30 Letter in turn. *First*, while the parties agree that Mesabi shall serve Professor Davis' supplemental expert report by no later than June 27, 2025, the parties disagree on the deadline for Cliffs to serve supplemental rebuttal report(s) in response to Professor Davis' supplemental report. D.I. 21 at 9. To ensure equal time in which to prepare their respective reports, the Court will order Cliffs to serve their rebuttal report(s) by no later than September 8, 2025.

*Second*, the parties dispute whether Cliffs may serve more than one supplemental rebuttal report in response to Professor Davis' supplemental report. D.I. 21 at 9. Since the Court permitted Cliffs to serve rebuttal reports from more than one expert in response to Professor Davis' earlier opinions (*see* D.I. 21 at 7), the Court will permit Cliffs to serve supplemental rebuttal reports from

3

more than one expert in response to Professor Davis' supplemental report. Cliffs, however, shall not serve reports from any new experts without leave of Court.

*Third*, the parties dispute whether Mesabi may serve a reply report from Professor Davis in further support of its supplemental report. D.I. 21 at 9. Since Mesabi already had the opportunity to serve a reply report from Professor Davis in further support of Professor Davis' original report, and since the Court will order that Professor Davis may only opine in his supplemental report on matters necessary to update the original report, the Court will not permit Mesabi to file a reply report at this time.

*Fourth*, the parties dispute the deadline to complete depositions concerning these supplemental reports. D.I. 21 at 9. Mesabi, assuming that the Court would permit Mesabi to serve a reply report from Professor Davis, proposes that the parties shall complete expert depositions concerning the supplemental reports within approximately "a month" of Professor Davis' reply. D.I. 21 at 4-5. Cliffs, on the other hand, appears to propose different dates depending on whether the Court would permit Professor Davis to serve a reply, and proposes, in particular, that if "the Court allows another reply report, . . . that the schedule for depositions begin at least fourteen days after service of the reply report." D.I. 21 at 8. Considering these proposals, the Court will order that the parties complete their depositions by no later than October 6, 2025.

*Fifth*, the parties dispute how these deadlines should affect the schedule for the remaining portions of this Action. Mesabi proposes, for example, that the "other pretrial work . . . will be done in parallel with this limited supplemental expert discovery." D.I. 21 at 3. Cliffs proposes a "step-wise approach to provide the parties sufficient time to complete the supplemental expert discovery before proceeding with the remaining stages of this case." D.I. 21 at 6. The Court addresses additional deadlines in the next Section.

4

B.     **The Court's Resolution of the Remaining Scheduling-Related Disputes**

The Court resolves the remaining disputes from the parties' Joint Status Report (D.I. 11) and Proposed Scheduling Order (D.I. 11-1) in turn. *First*, Cliffs proposes to file or re-file *Daubert* motions with respect to Mesabi's three experts, Professor Davis, J. Douglas Zona ("Mr. Zona"), and Roger N. Emmott ("Mr. Emmott"). D.I. 11 at 13-15. Cliffs reasons that it previously challenged Mesabi's expert testimony but that the Bankruptcy Court declined to address those challenges. D.I. 11 at 14. Mesabi does not oppose Cliffs' filing or re-filing of *Daubert* motions with respect to Professor Davis and Mr. Zona. D.I. 11 at 17. However, Mesabi opposes Cliffs' filing or re-filing of a *Daubert* motion with respect to Mr. Emmott, since the Bankruptcy Court held that Emmott's "opinions on which the Court relied in connection with the disposition of the motion were sufficiently reliable that they would be admissible under Rule 702 and Daubert." D.I. 11 at 16 (cleaned up). Mesabi also objects to any "new arguments or theories challenging Davis or Zona" and, instead, requests "a refiling of the briefs submitted at the Bankruptcy Court with respect to Davis and Zona." D.I. 11 at 17. Having considered these arguments, the Court will order the parties to adopt the following language in their Scheduling Order:

> Defendants shall file any *Daubert* motion, a memorandum in support not to exceed twenty (20) pages, and any declaration or other supporting documents, by no later than November 2, 2025. Defendants shall only set forth objections that Defendants previously raised but that the Bankruptcy Court did not resolve with the exception that Defendants may raise new arguments in connection with any forthcoming supplemental report from Professor Davis. Any declarations or other supporting documents shall likewise be limited to declarations or supporting documents that were previously filed.
>
> Plaintiff shall file any brief in opposition, not to exceed twenty (20) pages, along with any declaration or other supporting documents, by no later than twenty-eight (28) days after Defendants' motion. Defendants shall file any reply brief in further support of their motion, not to exceed ten (10) pages, along with any declarations or supporting documents, by no later than fourteen (14) days after Plaintiff's opposition. The parties shall limit their opposition and reply briefs and supporting documents to material that was previously set forth during the Bankruptcy

proceeding, with the exception of material relating to any new arguments from Defendants.

*Second*, "Mesabi requests a total of 17 days with the jury seated for the trial." D.I. 11 at 22. Mesabi's states that its "estimate of days for jury trial is based on an expectation of full trial days and is exclusive of voir dire." D.I. 11 at 22. Mesabi also "proposes that the issues before this Court be tried by a jury beginning on the court's earliest available date on or after August 18, 2025." D.I. 11 at 23. Cliffs "take no position on the length of trial" and "have no objection to Mesabi's proposal so long as time is split equally." D.I. 11 at 23. Cliffs "propose that the trial date be set a reasonable period of time after the Court has decided the objections to Plaintiff's expert testimony and the parties have concluded mediation, if any, ordered by the Court." D.I. 11 at 23.

Having considered the parties' arguments and the Court's busy schedule, the Court will order the parties to adopt the following language in their Scheduling Order

> The pre-trial conference is scheduled for April 22, 2027 at 3:00 pm and a ten (10) day jury trial, inclusive of voir dire, is scheduled to begin on May 5, 2027. The Court will excuse the jury by no later than 5:30 p.m. each day. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases. The parties will split the trial time equally.

*Third*, Mesabi proposes that, while "the parties exchanged discovery in this case pursuant to a protective order entered by the Bankruptcy Court . . . any negotiations among the parties concerning whether and when to seal a party's records at trial should be governed by the controlling *Avandia* standard." D.I. 11 at 23-24 (citing *In re Avandia Mktg, Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019)). Cliffs contends that Mesabi's "request for this Court to hold that *Avandia* applies is . . . premature" because Cliffs appealed two unsealing orders from the Bankruptcy Court and the Third Circuit, in connection with those appeals, has yet to

decide "whether the standard from *Avandia* applies." D.I. 11 at 24. The Court will order the parties to re-submit this dispute in the joint proposed pre-trial order.

### III. CONCLUSION

For the foregoing reasons, the Court adopts, rejects, modifies, or defers resolution of, the parties' proposals in connection with the scheduling of this case as set forth above.

\* \* \*

WHEREFORE, at Wilmington this 3rd day of June 2025, **IT IS HEREBY ORDERED** that the parties shall jointly, within seven (7) days of the entry of this Memorandum Order, file a new Proposed Scheduling Order with this Court that is consistent with this Memorandum Order.

GREGORY B. WILLIAMS<br>
UNITED STATES DISTRICT JUDGE