IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ESSAR STEEL MINNESOTA LLC and ESML HOLDINGS INC., <br><br> Debtors, | Chapter 11 <br> Bank. No. 16-11626-CTG <br> (Jointly Administered) |
| MESABI METALLICS COMPANY LLC (f/k/a ESSAR STEEL MINNESOTA LLC), <br><br> Plaintiff, <br> v. <br><br> CLEVELAND-CLIFFS, INC. (f/k/a CLIFFS NATURAL RESOURCES, INC.); CLEVELAND-CLIFFS MINNESOTA LAND DEVELOPMENT LLC; GLACIER PARK IRON ORE PROPERTIES LLC; and DOES 1-10 <br><br> Defendants. | Adv. No. 17-51210-CTG <br><br> Civil Action No. 24-1117-GBW |

## **MEMORANDUM ORDER**

Pending before the Court is Mesabi's Emergency Motion for Extension of Expert Discovery and Expedited Briefing ("Motion") (D.I. 23) and its brief in support ("Brief") (D.I. 24).[1] For the following reasons, the Court grants Mesabi's Motion with respect to Mesabi's request for expedited briefing and defers resolution of Mesabi's Motion with respect to the extension of expert discovery.

---

[1] The Plaintiff is Mesabi Metallics Company LLC ("Mesabi"). The Defendants include Cleveland-Cliffs, Inc. and Cleveland-Cliffs Minnesota Land Development LLC (collectively, "Cliffs").

I.  **BACKGROUND**

The Court writes for the benefit of the parties and, thus, briefly sets forth only the facts and procedural history necessary for the discussion herein.

On April 16, 2025, the Court entered a Memorandum Order that *inter alia* granted Mesabi's request to supplement the opinions of its expert, Professor Davis. D.I. 19. Professor Davis had employed in his damages models certain variables that were subject to change on the basis of future events. D.I. 19 at 2. In light of the period of time that had elapsed since Mesabi had last served a report from Professor Davis, and in light of Cliffs' threat to rely on events occurring after Professor Davis' opinions to contest the reliability of Professor Davis' opinions, the Court instructed that Mesabi could serve a supplemental report from Professor Davis to account for changes to the variables that Professor Davis employed in his damages models. *See* D.I. 19 at 8.

The Court's April 16, 2025 Memorandum Order gave rise to various scheduling disputes in connection with Professor Davis' supplemental report and, thus, on June 3, 2025, the Court entered a Memorandum Order resolving these disputes. D.I. 22. That Memorandum Order also resolved disputes remaining from the parties' Joint Status Report (D.I. 11) and Proposed Scheduling Order (D.I. 11-1). D.I. 22. As relevant to the current Memorandum Order, the June 3, 2025 Memorandum Order instructed the parties to file a new Proposed Scheduling Order that *inter alia* (1) required that Mesabi serve Professor Davis' supplemental expert report by no later than June 27, 2025 and (2) scheduled a jury trial to begin on May 5, 2027. D.I. 22 at 3, 6.

On June 5, 2025, Mesabi filed the instant Motion.

II.  **DISCUSSION**

In its Brief, Mesabi correctly observes that "Mesabi requested (and was granted) leave to supplement its damages report because two years [had] passed since Mesabi served its initial damages report, and inputs into the damages model have changed in the interim." D.I. 24 at 1.

2

Mesabi postulates that with "trial now scheduled to begin in May 2027, . . . it is likely that some inputs will change again in the two years between now and trial, potentially leaving Mesabi in the same position that impelled it to file its prior request to supplement" and that "the current schedule would require Mesabi to serve a supplemental damages report in about three weeks." D.I. 24 at 1-2.

Mesabi contends that "conducting supplemental expert discovery now, rather than closer to trial, would be inefficient and risks wasting the resources of both the Court and the parties." D.I. 24 at 2. Therefore, Mesabi "requests an extension of that deadline (and the other expert discovery deadlines), or alternatively a stay of expert discovery, on an emergency basis." D.I. 24 at 2. Mesabi also "requests expedited briefing so that the dispute is resolved before Mesabi is required to serve a supplemental damages report on June 27, 2025." D.I. 24 at 4. Mesabi contends that because "the issue is straightforward, there is no need for extensive or time-consuming briefing." D.I. 24 at 4.

The Court grants Mesabi's request for expedited briefing and, below, the Court will order Cliffs to file any opposition, not to exceed five (5) pages, by no later than June 11, 2025. Notably, the Court has discretion to expedite the briefing schedule, and prompt resolution of Mesabi's Motion may, but not necessarily will, preclude an unnecessary expenditure of judicial and party resources. *See United States v. Tyree Stratton Tyree Stratton*, No. 05-68-2, 2010 U.S. Dist. LEXIS 157497, at *1 n.1 (E.D. Pa. Mar. 17, 2010) ("We have almost unfettered discretion to set -- and change -- the deadlines for parties' briefs."). Since Mesabi does not intend to file a reply (D.I. 23 at 2), the Court intends to resolve the remaining disputes from Mesabi's Motion shortly after receiving any opposition from Cliffs.

## III.   CONCLUSION

For the foregoing reasons, the Court grants-in-part and defers-in-part Mesabi's Emergency Motion for Extension of Expert Discovery and Expedited Briefing (D.I. 23).

\* \* \*

WHEREFORE, at Wilmington this sixth day of June 2025, **IT IS HEREBY ORDERED** that Cliffs shall file any opposition to Mesabi's Emergency Motion for Extension of Expert Discovery and Expedited Briefing (D.I. 23), not to exceed five (5) pages, by no later than June 11, 2025.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE