# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ESSAR STEEL MINNESOTA LLC and ESML HOLDINGS INC., <br><br>Debtors, | Chapter 11 <br> Bank. No. 16-11626-CTG <br> (Jointly Administered) |
| MESABI METALLICS COMPANY LLC (f/k/a ESSAR STEEL MINNESOTA LLC), <br><br>Plaintiff, <br> v. <br><br> CLEVELAND-CLIFFS, INC. (f/k/a CLIFFS NATURAL RESOURCES, INC.); CLEVELAND-CLIFFS MINNESOTA LAND DEVELOPMENT LLC; GLACIER PARK IRON ORE PROPERTIES LLC; and DOES 1-10 <br><br>Defendants. | Adv. No. 17-51210-CTG <br><br> Civil Action No. 24-1117-GBW |

## **MEMORANDUM ORDER**

On June 3, 2025, the Court instructed the parties[1] to file, by no later than June 10, 2025, a revised Proposed Scheduling Order that (1) required that Mesabi serve Professor Davis' supplemental expert report by no later than June 27, 2025 and (2) scheduled a jury trial to begin on May 5, 2027. D.I. 22 at 3, 6. On June 5, 2025, Mesabi filed an Emergency Motion for Extension of Expert Discovery and Expedited Briefing ("Motion") (D.I. 23) and its brief in support ("Brief") (D.I. 24). On June 6, 2025, the Court entered a Memorandum Order deferring resolution of whether to extend the deadlines for supplemental expert discovery but granting Mesabi's request

---

[1] The Plaintiff is Mesabi Metallics Company LLC ("Mesabi"). The Defendants include Cleveland-Cliffs, Inc. and Cleveland-Cliffs Minnesota Land Development LLC (collectively, "Cliffs").

for expedited briefing. D.I. 25 at 4. Specifically, the Court ordered Cliffs to file any opposition to Mesabi's Motion by no later than June 11, 2025 and explained that, since Mesabi did "not intend to file a reply," the Court intended "to resolve the remaining disputes from Mesabi's Motion shortly after receiving any opposition from Cliffs." D.I. 25 at 3-4. On June 10, 2025, the parties filed a revised Proposed Scheduling Order pursuant to the Court's June 3, 2025 Memorandum Order. D.I. 26-1. That Proposed Scheduling Order acknowledges but does not include any changes to the various proposed deadlines therein in light of Mesabi's Motion. *See* D.I. 26-1. On June 11, 2025, Cliffs timely filed its opposition to Mesabi's Motion. D.I. 27. For the reasons discussed below, the Court grants the portion of Mesabi's Motion pertaining to Mesabi's request to extend the deadlines for supplemental expert discovery.

I. **DISCUSSION**

As the Court described in its previous Memorandum Order, "Mesabi correctly observes that 'Mesabi requested (and was granted) leave to supplement its damages report because two years [had] passed since Mesabi served its initial damages report, and inputs into the damages model have changed in the interim.'" D.I. 25 at 2 (quoting D.I. 24 at 1). "Mesabi postulates that with 'trial now scheduled to begin in May 2027, . . . it is likely that some inputs will change again in the two years between now and trial, potentially leaving Mesabi in the same position that impelled it to file its prior request to supplement' and that 'the current schedule would require Mesabi to serve a supplemental damages report in about three weeks.'" D.I. 25 at 3 (quoting D.I. 24 at 1-2).

"Mesabi contends that 'conducting supplemental expert discovery now, rather than closer to trial, would be inefficient and risks wasting the resources of both the Court and the parties.'" D.I. 25 at 3 (quoting D.I. 24 at 2). "Therefore, Mesabi 'requests an extension of that deadline (and

the other expert discovery deadlines), or alternatively a stay of expert discovery, on an emergency basis.'" D.I. 25 at 3 (quoting D.I. 24 at 2).

Cliffs opposes Mesabi's request for extension on the following grounds: (1) a "simple review of the Court's recent orders and docket, or a call to the clerk, would have informed Mesabi that the Court's schedule was unlikely to accommodate Mesabi's request," (2) this "is the second time Mesabi has been granted and then rejected an opportunity to supplement its damages' expert report," (3) the deadlines contemplated in the "June 3 order" were adequate, and (4) "supplemental expert discovery on Mesabi's damages must close sufficiently in advance of trial for the Court to exercise its gatekeeper function under *Daubert* and for the parties to properly prepare." D.I. 27 at 1-3. "In the alternative, Cliffs requests that if the Court is inclined to grant Mesabi's request for a delay to prepare its supplemental expert report, the Court enter a firm schedule with sufficient time to address objections to expert testimony well in advance of trial (which the Court's existing June 3 order seemed designed to provide)." D.I. 27 at 3.

The Court originally granted Mesabi leave to serve a supplemental expert report from Professor Davis since (1) "Professor Davis had employed in his damages models certain variables that were subject to change on the basis of future events," (2) "the period of time that had elapsed since Mesabi had last served a report from Professor Davis," and (3) "Cliffs' threat to rely on events occurring after Professor Davis' opinions to contest the reliability of Professor Davis' opinions." D.I. 25 at 2. These concerns also animate the issue presently before the Court, i.e., whether to extend the deadline for Mesabi to serve a supplemental expert report from Professor Davis and other corresponding deadlines.

As a result, and finding good cause for Mesabi's request to extend the supplemental expert discovery deadlines, the Court grants Mesabi's Motion as it relates to this request.[2] *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *see also, e.g., Chinea v. Woodward Pa., LLC*, 22-CV-00134, 2024 U.S. Dist. LEXIS 19161, *2 (M.D. Pa. Feb. 2, 2024) (granting an extension for an expert report based on good cause, "which includes both an explanation of why more time is needed and a showing that the movant diligently sought the discovery she now seeks") (quotation marks and citation omitted); *United States v. Omnicare, Inc.*, 11-cv-1326-NLH-AMD, 2022 U.S. Dist. LEXIS 69041, *4-5 (D.N.J. Apr. 14, 2022) (granting request under Rule 16(b)(4) because it "could save time and resources of both the parties and the Court").

Below, the Court will order the parties to file a revised Proposed Scheduling Order that includes deadlines specified by the Court with respect to the parties' supplemental expert discovery and Cliffs' *Daubert* motions (unless the parties stipulate to different deadlines). *See United States v. Tyree Stratton Tyree Stratton*, No. 05-68-2, 2010 U.S. Dist. LEXIS 157497, at *1 n.1 (E.D. Pa. Mar. 17, 2010) ("We have almost unfettered discretion to set -- and change -- the deadlines for parties' briefs."). These deadlines provide the parties with sufficient time to address any objections to expert testimony in advance of trial. *See* D.I. 27 at 3.

---

[2] The Court acknowledges the merit of various arguments from Cliffs. For example, Mesabi could have proactively taken steps to determine the Court's schedule, including when trial in this action would likely be scheduled. However, upon learning of the Court's schedule, Mesabi promptly filed its emergency Motion with this Court and, as described above, the Court credits the concerns animating Mesabi's Motion.


## II.    CONCLUSION

For the foregoing reasons, the Court grants Mesabi's Emergency Motion for Extension of Expert Discovery and Expedited Briefing (D.I. 23) as it relates to Mesabi's request to extend the deadlines for the parties' supplemental expert discovery.

\* \* \*

WHEREFORE, at Wilmington this 13th day of June 2025, **IT IS HEREBY ORDERED** that the parties shall file a revised Proposed Scheduling Order, by no later than seven (7) days from the entry of this Memorandum Order, that is consistent with the parties' previous Proposed Scheduling Order (D.I. 26-1) and the dates therein, with the exception that the revised Proposed Scheduling Order shall propose the following (unless the parties stipulate differently):

1. Plaintiff shall serve a supplemental Rule 26(a) expert witness report from Professor Davis concerning damages by January 1, 2027.

2. Defendants shall serve any supplemental rebuttal expert witness reports in response to Professor Davis' supplemental report by January 29, 2027. Absent leave of Court, Defendants shall not serve reports from any new experts.

3. The parties shall complete any expert depositions concerning the supplemental expert discovery by February 12, 2027.

4. Defendants shall file any *Daubert* motions, a memorandum in support not to exceed twenty (20) pages, and any declaration or other supporting documents by no later than February 22, 2027. Defendants shall only set forth objections that Defendants previously raised but that the Bankruptcy Court did not resolve with the exception that Defendants may raise new arguments in connection with any forthcoming supplemental report from Professor

Davis. Any declarations or other supporting documents shall likewise be limited to declarations or supporting documents that were previously filed. Plaintiff shall file any brief in opposition, not to exceed twenty (20) pages, along with any declaration or other supporting documents, by no later than twenty-eight (28) days after Defendants' motion. Defendants shall file any reply brief in further support of their motion, not to exceed ten (10) pages, along with any declarations or supporting documents, by no later than fourteen (14) days after Plaintiff's opposition. The parties shall limit their opposition and reply briefs and supporting documents to material that was previously set forth during the Bankruptcy proceeding, with the exception of material relating to any new arguments from Defendants in connection with the supplemental report from Professor Davis.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE