IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ESSAR STEEL MINNESOTA LLC and ESML HOLDINGS INC., <br><br> Debtors, | Chapter 11 <br> Bank. No. 16-11626-CTG <br> (Jointly Administered) |
| MESABI METALLICS COMPANY LLC (f/k/a ESSAR STEEL MINNESOTA LLC), <br><br> Plaintiff, <br> v. <br><br> CLEVELAND-CLIFFS, INC. (f/k/a CLIFFS NATURAL RESOURCES, INC.); CLEVELAND-CLIFFS MINNESOTA LAND DEVELOPMENT LLC; GLACIER PARK IRON ORE PROPERTIES LLC; and DOES 1-10 <br><br> Defendants. | Adv. No. 17-51210-CTG <br><br> Civil Action No. 24-1117-GBW |

## MEMORANDUM ORDER

On June 3, 2025, the Court resolved what, at the time, were the remaining scheduling issues in this action. D.I. 22. One of those issues regarded when trial would begin and, in that respect, the Court instructed the parties to file a revised proposed scheduling order stating: "The pre-trial conference is scheduled for April 22, 2027 at 3:00 pm and a ten (10) day jury trial, inclusive of voir dire, is scheduled to begin on May 5, 2027." D.I. 22 at 6. On June 17, 2025, Mesabi filed a Motion to Reconsider the May 2027 Trial Date ("Motion" or "Motion for Reconsideration"). D.I. 29; D.I. 30. For the following reasons, the Court denies Mesabi's Motion for Reconsideration without prejudice.

I.  **LEGAL STANDARD**

"The decision to grant a motion for re-argument or reconsideration is squarely within the discretion of the district court." *Amgen Inc. v. Amneal Pharms. LLC*, No. 16-cv-853-MSG, 2021 U.S. Dist. LEXIS 199918, at *4 (D. Del. Oct. 18, 2021). "Motions for re-argument are granted only when the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension." *Id.* "Reconsideration may be granted if the movant can show an intervening change in controlling law, new evidence not available when the court made its decision, or a need to correct a clear error of law or fact to prevent manifest injustice." *Id.* Neither motion is "an appropriate vehicle to reargue issues that the court has already considered and decided." *Acco Brands USA LLC v. Performance Designed Prods. LLC*, No. 23-cv-437-GBW, 2024 U.S. Dist. LEXIS 108389, at *1 (D. Del. June 18, 2024). "Reargument, like reconsideration, is granted sparingly." *Corning Inc. v. SRU Biosystems*, No. 03-cv-633-JJF, 2006 U.S. Dist. LEXIS 1896, at *3 n.1 (D. Del. Jan. 20, 2006). The proponent of the motion carries the burden. *See Ampro Computs., Inc. v. LXE, LLC*, No. 13-cv-1937-LPS-MPT, 2017 U.S. Dist. LEXIS 30867, at *2 (D. Del. Mar. 6, 2017).

II.  **DISCUSSION**

Mesabi trumpets "tremendous uncertainty surrounding Mesabi's land rights," an uncertainty of which has allegedly "impeded planning and investment for Mesabi's mine" and "will persist until this case is resolved." D.I. 30 at 3. Mesabi contends that "waiting two years to try this case only deepens the effect of Cliffs' anticompetitive actions because Mesabi will not be able to obtain any value from this land until after this case has concluded." D.I. 30 at 3. As such, Mesabi "seeks the Court's assistance in accommodating an earlier trial, beginning at the earliest possible date when the Court has availability (after allowing sufficient time for the parties to complete the necessary pretrial work)." D.I. 30 at 4. "To increase the likelihood of finding

2

availability, Mesabi consents to a jury trial on non-consecutive days." D.I. 20 at 4. "Mesabi is also willing to consent to a jury trial before Magistrate Judge Burke or a jury trial before Judge Goldblatt in the bankruptcy court." D.I. 30 at 5.

The Court, as previously explained, has a demanding and full schedule. That schedule is replete with trials scheduled through October 2027. Thus, the Court cannot grant Mesabi's requested relief and denies Mesabi's Motion without prejudice. To the extent both parties are interested in consenting to, for example, a Magistrate Judge presiding over their trial, the parties are welcome to do so by jointly filing the necessary form (a completed form AO 85) consenting to the jurisdiction of a Magistrate Judge to conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings. The form can be found under the Forms Tab on the Court's website. In addition, the Court will instruct that Mesabi may file a letter, no earlier than six months from the entry of this Memorandum Order, inquiring whether any availability has arisen in the Court's schedule that would accommodate an earlier trial in this action.

### III. CONCLUSION

For the foregoing reasons, the Court denies Mesabi's Motion to Reconsider the May 2027 Trial Date (D.I. 29) without prejudice. The Court will enter the pending revised proposed Scheduling Order (D.I. 33-1).

\* \* \*

WHEREFORE, at Wilmington this 24th day of June 2025, **IT IS HEREBY ORDERED** that Mesabi's Motion to Reconsider the May 2027 Trial Date (D.I. 29) is **DENIED** without prejudice. **IT IS FURTHER ORDERED** that Mesabi may, no earlier than six months from the

3

date of entry of this Memorandum Order, file a letter with this Court, not to exceed one page, inquiring whether any availability in the Court's schedule has arisen that would accommodate an earlier trial in this action.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE
